**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-10255**
_____

**MELODY GIRARD,**

**Plaintiff-Appellee,**

**versus**

**BRINKER INTERNATIONAL PAYROLL CORPORATION,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Northern District of Texas
Civil Docket #5:00-CV-428-C
_____

January 14, 2003

Before GARWOOD, JONES, and STEWART, Circuit Judges:

PER CURIAM:[*]

The court has carefully considered this appeal of an award of damages and attorneys fees for Title VII sexual harassment perpetrated against Ms. Girard while she worked at a Chili's restaurant in Lubbock, Texas. We have carefully reviewed the briefs, the jury verdict and pertinent portions of the record.

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Having done so, we are constrained to reverse and render judgment in favor of appellant Brinker International.

This case is largely resolved by the answers contained in the jury verdict. We may assume without deciding that the verdict is sustained by the evidence at least with respect to Girard's allegations that her co-workers at Chili's sexually harassed her and that Brinker did not make a good faith effort to prevent or promptly correct the sexual harassment. Nevertheless, and critically, the jury also found that Girard was not constructively discharged from employment. Indeed, the record gives every indication that she simply quit.

In light of this finding, there is no basis for the award of lost wages and employment benefits to Girard. Because the award of actual damages cannot be sustained, Girard also loses her punitive damage award. This court has held in a related context, involving the Fair Housing Act, that a punitive damages award cannot stand in the absence of an actual damage award unless a constitutional right has been violated. Louisiana ACORN Fair Housing v. Leblanc, 211 F.3d 298, 303 (5th Cir. 2000). In so deciding, we examined caselaw from this and other circuits interpreting various federal rights statutes. The reasoning of Louisiana ACORN applies here.

Finally, since Girard's damage awards fail, there is no predicate for the court's award of attorneys fees, because "the

plaintiff's level of success can critically influence the proper amount of fees." <u>Thomas v. Texas Dept. of Criminal Justice</u>, 297 F.3d 361, 373 (5th Cir. 2002).

For the foregoing reasons, the judgment is **REVERSED** and **RENDERED** in favor of Brinker.